**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KAREN JEAN VANDER GALIEN,**

**Petitioner,**

**v.** **Case No. 26-C-1736**

**ROBERT E. ELLSWORTH**
**CORRECTIONAL CENTER,**

**Respondent.**

---

# SCREENING ORDER

---

Petitioner Karen Jean Vander Galien is challenging "multiple" convictions arising out of Fond du Lac County "global" case number 2023CF1100. This matter comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed without prepayment of the filing fee.

Petitioner filed with her petition a request to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, Petitioner is required to file an affidavit of indigence as required by § 1915. She has done so, and I am satisfied that she lacks sufficient funds to proceed here. Accordingly, her request to proceed without prepayment of costs will be granted.

Pursuant to Rule 4 of the Rules Governing § 2254 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

As with her other petitions for habeas relief, Petitioner provides no detail regarding what entitles her to such relief. She seems to claim that she was exempt from the installation of an ignition interlock device under Wis. Stat. § 343.301 due to her financial hardship, but § 2254 provides relief to those who are in custody in violation of federal rights; does not provide relief for violations of state law, nor for matters that do not affect their custody. *Mays v. Stevens*, No. 23-CV-1119-BHL, 2023 WL 6520380, *2 (E.D. Wis. Sept. 15, 2023). Petitioner offers no other reason why she is entitled to habeas relief. Without more, it is impossible to tell whether she should be allowed to proceed or not.

Based on the foregoing, the petition is dismissed. The dismissal is without prejudice, however, and Petitioner will be granted leave to file an amended petition on or before December 4, 2026. In her amended petition, Petitioner must allege enough supporting facts to support each claim so that the State has some notice of what the claim is and the court can determine whether it merits going forward. Failure to do so will result in dismissal of the action with prejudice. In her amended petition, Petitioner should be specific about which conviction from which she is seeking relief, the grounds for seeking such relief, and the facts that support her claim.

**IT IS THEREFORE ORDERED** that Petitioner's motion to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**. Any amended petition shall be filed on or before December 4, 2026. If Petitioner fails to submit an amended petition within the time allowed, the case will be dismissed and Judgment entered.

Dated at Green Bay, Wisconsin this 20th day of October, 2026.

William C. Griesbach
United States District Judge